CENTER FOR DISABILITY ACCESS
Amanda Lockhart Seabock, Esq., SBN 289900
Prathima Reddy Price, Esq., SBN 321378
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
Prathimap@potterhandy.com

Attorneys for Plaintiff


GREENAN, PEFFER, SALLANDER & LALLY LLP
Robert L. Sallander, Jr., Esq. SBN 118352
Helen H. Chen, Esq. SBN 213150
2000 Crow Canyon Place
Suite 380, San Ramon, CA 94583
925-866-1000
Fax: 925-830-8787
rsallander@gpsllp.com
HChen@gpsllp.com

Attorney for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**Mehdi S. Siadat;**<br>**Lorraine D. Siadat;**<br>**Siadat Enterprises, Inc.**, a California Corporation; and Does 1-10,<br><br>　　　　Defendants. | Case No. **3:18-CV-04074-SI**<br><br><br>**CONSENT DECREE AND [PROPOSED] ORDER**<br><br>**Hon. Susan Illston** |

**TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:**

1. Plaintiff Samuel Love SAMUEL LOVE filed this action (known as Case No. 3:18-CV-04074-SI) against Defendants seeking money damages and injunctive relief for, *inter alia*, violations of the Americans with Disabilities Act of 1990 (the "ADA") and corresponding state law claims, in the United States District Court for the Northern District of California on July 9, 2018. Dkt.1. Defendants Mehdi S. Siadat, Lorraine D. Siadat and Siadat Enterprises, Inc., a California Corporation ("Defendants") filed their Answer to the Complaint on August 17, 2018. Dkt.8.

2. Defendants and Plaintiff (collectively sometimes referred to herein as the "Parties" or separately as a "Party") wish to settle the portion of the case relating to issues of injunctive relief and hereby desire to enter into this Consent Decree. The Parties hereby enter into this Consent Decree and Order for the purpose of resolving certain specified aspects of the lawsuit without the need for protracted litigation, and without the admission of any liability as to: (a) the amount of damages to which Plaintiff may be entitled or (b) the amount of attorneys' fees to which Plaintiff may be entitled.

**JURISDICTION:**

3. The Parties agree that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq. and pursuant to supplemental jurisdiction under 28 U.S.C. §1367(a) for alleged violations of California Civil Code §§51 and 54 et. seq.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of this Order to resolve all claims regarding injunctive relief raised in the above-entitled Action. Accordingly, the Parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

**NO DISMISSAL OF ACTION REQUESTED:**

5.   As noted herein, monetary issues are still at issue and accordingly the Parties do not request that the Honorable Court dismiss the action as these issues may still proceed to trial.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6.   This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaint.

7.   The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the 2010 Americans with Disabilities Act Standards, unless other standards are specifically agreed to in this Consent Decree and Order.

8.   Remedial Measures: The corrective work agreed upon by the Parties is attached here to as Exhibit "A". Defendants agree to undertake all of the remedial work set forth therein.

9.   Timing of Injunctive Relief: Exhibit "A" also includes the estimated timeframe for completing the work described therein. In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief within the timeframes specified, Defendant or his counsel will notify Plaintiff's counsel, in writing, within fifteen (15) days after discovering any such difficulties. Defendant, or his counsel, will promptly notify Plaintiff's counsel when the corrective work is complete, and in any case, will provide a status report on or before October 31, 2019.

CONSENT DECREE AND [PROPOSED] ORDER          Case No.: 3:18-CV-04074-SI

**ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:**

10. The Parties have not reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses and costs in this Action (collectively, the "Unresolved Issues"). These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court. Should the Parties later reach an agreement regarding the Unresolved Issues, the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a waiver of either of Plaintiff's past, present, or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses, or costs in connection with each of his alleged losses, costs, damages, claims, and causes of action as set forth in each of the operative Complaints or otherwise.

**ENTIRE CONSENT ORDER:**

11. This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing Parties on all matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24)

months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

15. Electronic signatures may also bind the Parties and/or their representative(s) as set forth in all applicable Local Rules. The undersigned counsel for Plaintiff does hereby attest that all electronic signatures are affixed only with the express written permission of the signatory.

Respectfully Submitted,

Dated: January 4, 2019　　　　　　　　CENTER FOR DISABILITY ACCESS

　　　　　　　　　　　　　　　　　　By: /s/ Prathima Reddy Price
　　　　　　　　　　　　　　　　　　Prathima Reddy Price, Esq.
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

Dated: January 4, 2019　　　　　　　　GREENAN, PEFFER, SALLANDER & LALLY LLP

　　　　　　　　　　　　　　　　　　By: /s/Helen H. Chen

Page 5 of 6

CONSENT DECREE AND [PROPOSED] ORDER　　　　　Case No.: 3:18-CV-04074-SI

Helen H. Chen, Esq.
Attorneys for Defendants

**ELECTRONIC CASE FILING ATTESTATION**

I, Prathima Reddy Price, am the ECF user whose identification and password are being used to file the foregoing documents. Pursuant to Civil Local Rule 131(e), I hereby attest that concurrence in the filing of these documents has been obtained from each of its Signatories.

Dated : January 4, 2019                     /s/ Prathima Reddy Price

Prathima Reddy Price, Esq

**ORDER**

Good cause appearing the Consent Decree is SO ORDERED.

Dated: 1/9/19

Honorable Susan Illston
United States District Judge

# EXHIBIT "A" TO CONSENT DECREE

The following use of abbreviations shall be used herein:

**ADAS:** Americans with Disabilities Act Standards (as set forth in 28 CFR part 36, subpart D and as required thereby integrating the construction guidelines set forth in 36 CFR part 1191, Appendices B and D)
**AFF:** Above Finish Floor
**CBC:** California Building Code (California Code of Regulations, Title 24-2)

As used in this Exhibit "A", the term "Fully Compliant" shall indicate that the feature, fixture, space or improvement in question shall be designed and/or constructed and/or installed to meet all applicable requirements of: (i) ADAS and (ii) the currently enforceable and relevant provisions of the CBC.

As used in this Exhibit "A", the term "Facility" shall refer to Chevron Gas Station, located at or about 512 El Camino Real, San Bruno, California.

Any capitalized term(s) used herein, but not defined within this Exhibit "A," shall have the same meaning ascribed to said term(s) in the Consent Decree.

Defendant shall undertake the following actions, alterations and modification to the Facility:

Defendant agree that the remedies and alterations set forth and agreed to herein relate to existing inaccessible conditions at the time of the filing of Plaintiff's Complaint and further agree that they shall neither construct nor create an inaccessible condition that does not currently exist in undertaking any of the remedies and alterations agreed to herein. For purposes of illustration only, if Defendant is relocating a paper towel dispenser, they shall not locate it in a position that fails to provide a required height limitation.

On or before October 31, 2019, Defendant agrees that they shall make the following modifications and alterations with respect to Facility:

1. PARKING

   a. Defendants shall provide one (1) Fully Compliant van accessible parking space and access aisle in the parking lot for the Facility (based on less than 25 total spaces). Without limiting the generality of the foregoing, the van accessible space and access aisle shall be designed and constructed so that: (i) neither the parking space nor the access aisle serving the space shall demonstrate surface slopes in excess of 2.083% and (ii) the space and access aisle shall demonstrate all appropriate dimensions, striping, surface identification and parking signs necessary to create a Fully Compliant parking environment. Defendants are specifically cautioned that the access aisle must be on the passenger side of the van accessible space.
   b. Defendants shall assure that the above required space and the access aisle shall be located at the closest possible point to the accessible entrance(s) to the Facility.
   c. Defendants shall cause all required signage, including tow-away signage, to be properly mounted and displayed.

   Defendants shall assure a clear, unobstructed Fully Compliant path of travel, demonstrating surface slopes as follows:

   a. WALKs that conform to ADAS 403.3 and CBC 11B-403.3, including but not limited to running slopes of maximum 5.0% and cross-slopes of maximum 2.083%.
   b. CURB RAMPS that conform to ADAS 406 and CBC 11B-406, including but not limited to running slopes of maximum 8.33% and cross-slopes of maximum 2.083%.